IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CITY SKIES, INC.,** *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | )  CASE NO. 2:10-cv-416-WHA |
| **BCI AIRCRAFT LEASING, INC.,** *et al.*, | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. 7, entered May 14, 2010). Pending before the Court is *Defendant's Motion to Dismiss* (Doc. 17, filed August 13, 2010), which seeks dismissal of the claims asserted by Defendant City Skies, Inc., and an award of litigation costs and attorneys fees. For good cause, it is the Recommendation of the Magistrate Judge that the motion be granted as to dismissal of the corporate plaintiff.

### I. PARTIES

Plaintiff Ronald Mays ("Mays") is a resident of Montgomery County, Alabama, within the Middle District of Alabama.

Plaintiff City Skies, Inc. ("City Skies") is incorporated in Nevada and maintains its principal place of business at 4430 Selma Highway, Montgomery, Alabama, within the Middle District of Alabama.

Defendant BCI Aircraft ("BCI") is incorporated in Illinois and maintains its principal place of business at 330 N. Wabash Avenue, Suite 2801, Chicago, Illinois.

Defendants Brian Hollnagel and Joe Cirillo are both citizens of the State of Illinois.

## II.  JURISDICTION

This action was originally filed by Plaintiffs in the Circuit Court of Montgomery County, Alabama.  On May 12, 2010, this action was removed to this Court pursuant to 28 U.S.C. § 1441(a).  The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship with matter in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00)).  The parties do not contest personal jurisdiction.[1]

## III.  NATURE OF CASE/BACKGROUND

On May 18, 2010, shortly after this case was removed from state court, Plaintiff City Skies was ordered to secure counsel by June 18, 2010.  (Doc. 13).  The Order explained that corporate parties must be represented by licensed counsel pursuant to *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  On August 13, 2010, Defendants filed a *Motion to Dismiss* (Doc. 17) City Skies' complaint with prejudice due to its failure to secure counsel or otherwise respond to the Court's Order of May 18.  On September 7, 2010, Plaintiff Ronald Mays responded that the search for counsel for co-

---

[1] There is a pending motion to transfer venue filed by Defendants on May 17, 2010 (Doc. 10).

plaintiff City Skies was ongoing.  (Doc. 20).  Mays also asked the Court for forgiveness and pledged to comply with the Court's orders henceforth.  As of this date, City Skies, Inc. has failed to retain counsel as directed by the Court.

### IV.  DISMISSAL FOR FAILURE TO COMPLY

Under Rule 41 of the Federal Rules of Civil Procedure, if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b)(2).  A dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless the dismissal order states otherwise. *Id*.

"Dismissal of a case with prejudice under Rule 41(b) is a sanction of last resort, applicable only in extreme circumstances."  *McIntosh v. Gauthier*, 182 Fed.Appx. 884, 886 (11th Cir. 2006), quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)).

### V.  DISCUSSION

The Court has allowed City Skies six months to secure counsel with no results. It has been three months since Plaintiff Mays pledged to comply with the Court's Order. Defendants are entitled to defend themselves in court, and it is due to City Skies' failure to comply that this litigation has stagnated. *See Gratton v. Great American Communications*, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (affirming dismissal of suit for discovery abuse where trial court found that plaintiff bore substantial responsibility for the delays in discovery and the defendants were not at fault).

Mindful of the judicial caution which should attend the dismissal of *pro se* actions, the Magistrate Judge nonetheless recommends dismissal of City Skies as Plaintiff because it has been provided more than a reasonable opportunity to secure counsel. Its failure to do so constitutes grounds for dismissal under the rule. Consequently, it is reasonable to conclude that City Skies, a corporate entity, must be dismissed for its failure to secure representation. However, the Court will only dismiss without prejudice at this time as is generally appropriate in cases for failure to retain counsel.

This case will still proceed as to Plaintiff Mays' claims against Defendants. The dismissal of City Skies' claims do not affect any of Mays' pending claims.

## VI. CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Defendants' *Motion to Dismiss* be **GRANTED** as to Plaintiff City Skies, Inc.;

(2) City Skies, Inc. be **DISMISSED** as a plaintiff in this case;

(3) The claims alleged by City Skies, Inc. against Defendants BCI Aircraft Leasing, Inc., Brian Hollnagel, and Joe Cirillo by City Skies, Inc., be **DISMISSED without prejudice**;

(4) Claims made by Plaintiff Mays be permitted to proceed; and

(5) This case be referred back to the undersigned for additional proceedings.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **December 27, 2010**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

The Clerk is **DIRECTED** to send this Order to Plaintiff Ronald Mays and City Skies, Inc. by certified mail <u>and</u> first class mail. Defendants shall be served the Order by e-mail transmittal.

DONE this 10th day of December, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE